*State ex rel.* COUNTY COURT OF BARBOUR COUNTY *v.*
W. D. CORDER *et al.*

(CC 532)

*and*

*State ex rel.* COUNTY COURT OF BARBOUR COUNTY *v.*
W. D. CORDER *et al.*

(CC 533)

Submitted September 10, 1935. Decided October 1, 1935.

*Forrest B. Poling* and *H. J. Poling,* for plaintiff.
*D. H. Hill Arnold* and *H. J. Wilcox,* for defendants.

LITZ, PRESIDENT:

The above styled actions (by notice of motion for judgment) were brought by the County Court of Barbour County against W. D. Corder and his surety, Maryland Casualty Company, upon his official bonds as clerk of the circuit court of said county.

One of the cases involves the bond of Corder covering his term of office beginning January 1, 1921, and ending January 1, 1927; the other case is predicated upon the bond covering his term of office beginning January 1, 1927, and ending

January 1, 1933. The pertinent provisions of each bond follow: ''Now, therefore, if the said principal shall, during the term of this bond, well and faithfully perform all and singular the duties incumbent upon him by reason of his election or appointment as clerk of the Circuit Court of Barbour County, West Virginia * * * and honestly account for all moneys coming into his hands as said clerk, * * * according to law, then this obligation shall be null and void; it is otherwise to be and remain in full force and virtue.''

Recovery is sought in action No. 2 for unexpended deposits, amounting to $1,402.55, received from litigants by Corder in his official capacity during his first term of office to meet anticipated fees. The claims sued on in action No. 1 consist of: deposits by litigants in excess of fees earned by the clerk, $1,435.85; fees earned, collected and not accounted for by Corder, $2,422.14; fines, collected by him, $70.00; fees collected by Corder, belonging to the prosecuting attorney, $30.00; fees collected by Corder, belonging to sheriff, $6.25; costs in a civil action collected by Corder, belonging to the county court, $319.55.

By demurrer and special pleas, the defendant, Maryland Casualty Company, challenged the sufficiency of the notice in each case on the grounds that the county court is not interested in the debts of Corder to litigants, the sheriff and prosecuting attorney, and that he was not authorized in his capacity as circuit clerk to collect or accept fines or fees belonging to the sheriff or prosecuting attorney.

The trial judge overruled demurrers to the notices, sustained demurrers to the special pleas, and certified his actions in the premises to this Court for review under section 2, article 5, chapter 58, Code of 1931.

1. The unexpended deposits sued for in action No. 2 having been made prior to the enactment of chapter 35, section 11, article 1, Acts 1931 (construed in *McHenry* v. *Humes*, 112 W. Va. 432, 164 S. E. 501), and the notice failing to show any interest of the county court therein, the demurrer thereto should have been sustained and the demurrers to the special pleas, setting up the want of interest in the subject matter by the county court, should have been overruled.

2. Assuming that Corder was authorized, as clerk, to receive the moneys sought to be recovered in action No. 1, the county court is interested only in the fees earned by him and the costs he collected for it.

The rulings of the circuit court in action No. 2, and the rulings in action No. 1 (except as to the fees earned by Corder and costs collected by him for the county court), are reversed, the rulings in action No. 1 as to the fees earned by Corder and the costs he collected for the county court are affirmed, and the cases remanded.

*Affirmed in part; reversed in part; remanded.*